**CHRISTINA FUNG CHEN PEN, Plaintiff**

**v.**

**IOELU FUNG CHEN PEN, Defendant**

High Court of American Samoa
Trial Division

CA No. 22-93

July 23, 1996

119

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala`ilima
 For Defendant, Togiola T.A. Tulafono

Decision and Order:

█ Plaintiff is the surviving spouse of Togitogi Fung Chen Pen, lately of Nu`uuli (hereinafter the "decedent"). She is entitled in priority to letters of administration with regard to the decedent's estate. *See* A.S.C.A. § 40.0305(a)(1). Letters did in fact issue out of this court to plaintiff on February 23, 1993. *See In re the Estate of Togitogi Fung Chen Pen*, PR No. 1-93. Defendant, on the other hand, is a son of the decedent by a former marriage; after his father died, he took it upon himself to assume the management and/or disposition of certain real and personal property which plaintiff claims were assets of the decedent, and now property of his estate. The defendant even set up a bank account with the Amerika Samoa Bank to deposit certain rental income his father had access to during his lifetime. Consequently, this lawsuit arose.

At issue is whether or not certain property belongs to the decedent's estate. After stipulation to certain personalty being a part of the estate, the remaining issues for resolution here are whether the following are estate assets: 1) the family home, leased in part to third parties; and 2) a 1991 Toyota Van. Plaintiff claims that they are part of the estate. The defendant, on the other hand, claims that both of these items are not part of his father's estate. He claims that the family home did not belong to his father, but to his mother Sianea Togitogi (hereafter "Sianea"); and that the automobile belonged to both he and his father in joint tenancy, with right to survivorship.

█ After considering all the evidence, we find that both are assets of the decedent's estate. The family home was initially built by the decedent and his then wife Sianea. The home is situated on Lavata`i communal land but separated from the situs by a separation agreement entered into on December 15, 1967, between Lavata`i, as landowner, and Sianea, as homeowner. It is this separation agreement that the defendant principally relies on to establish his mother's exclusive entitlement to the family home. This reliance is misplaced. In *Togitogi Fung Chen Piu v. Sianea Fung Chen Piu*, CA No. 2521, slip op. (Trial Div. 1974), the decedent was granted a decree of divorce on June 11, 1974, dissolving his marriage to Sianea on the

120

grounds of desertion. The decedent was also awarded custody of their minor children. With regard to marital property disposition, paragraph four of the decree sets out the following: "That Plaintiff [Togitogi] be hereby granted custody and *ownership* of their house located at Nu'uuli on the lands of Chief Lavata'i; that such house be awarded to Plaintiff in order that the minor children may receive proper care and maintenance therein." (emphasis added). It goes without saying that as between the referenced separation agreement and the divorce decree, the latter prevails as the final word on the issue of ownership as between the decedent and Sianea. We see no merit to defendant's contention that the decree of divorce merely awarded a life estate to the decedent. Contrary to his suggestion, we do not see the divorce court's reference to "proper care and maintenance of the minor children" as being words of limitation, delimiting a life estate to the decedent. Rather, we view this reference as being merely explanatory of the court's assessment of what is "fair and proper," in terms of property division, as required by A.S.C.A. § 42.0210. We similarly see no merit whatsoever in defendant's attempt to collaterally attack the decree of divorce, a 22-year-old final judgment of this court.

With regard to the automobile, we are satisfied on the evidence that the vehicle was in actuality the decedent's vehicle, notwithstanding the fact that the Office of Motor Vehicles had registered the vehicle in both the names of the decedent and the defendant. The evidence quite clearly reveals that the only reason why the defendant's name was included in the registration of the vehicle was that he co-signed the bank loan that financed the purchase of the vehicle. The evidence was also clear that the purpose of the loan was to purchase the decedent a vehicle, and the decedent would not have obtained the loan without the defendant's filial undertaking to co-sign the loan. Payment of the loan was undertaken by Togitogi until he died. When the plaintiff could not further meet the loan payments, the defendant utilized estate assets--rental income from the family home--to pay off the balance of the automobile loan.

In these circumstances, we conclude that the defendant was nothing more than a surety. As a surety, the defendant may have co-held with his father a *legal* interest in the vehicle, subject to the bank's security interest; however, he did not, as surety, hold a *beneficial* interest in the vehicle, which was exclusively the decedent's. *See* 72 C.J.S. *Principal & Surety* § 3 (stating that the principal, and not the surety, enjoys the benefit for which the debt was undertaken).

On the foregoing, judgment will enter to the effect that the family home in Nu'uuli and vehicle in dispute are assets of the decedent's estate, and shall be managed and/or disposed of accordingly.

It is so ordered.